IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RIGOBERTO GOMEZ-ARGUIJO,

              Petitioner,            Case No. 3:07 CR 335

    -vs-

                               MEMORANDUM OPINION
UNITED STATES OF AMERICA,          AND ORDER

              Respondent.

KATZ, J.

      Petitioner, acting pro se, has filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. He asserts that his sentence for illegal reentry violated due process because this Court treated the Sentencing Guidelines as presumptively reasonable. Further, he alleges that he received ineffective assistance of counsel because his attorney did not object to the disparity of his non "fast track" sentence compared to the sentences imposed on defendants in "fast track" districts who also pled guilty to illegal reentry.

      On November 26, 2007, Petitioner pled guilty to an information filed on June 7, 2007; at the plea hearing he entered a plea of guilty to illegal reentry, was represented by an attorney, aided by a Spanish language interpreter and waived indictment, all on August 3, 2007. At that hearing he entered into a plea agreement to plead guilty to the information, waived his right to appeal the conviction or the sentence in his case, and waived the right to challenge his conviction or sentence collaterally through post-conviction proceedings including a proceeding under 28 U.S.C. § 2255. At the sentencing on November 26, 2007, this Court imposed a sentence of 46 months, to be followed by a term of supervised release for two years. No direct appeal was taken.

      On September 2, 2008, Petitioner filed a motion for correction of sentence, primarily based on sentencing disparities which exist between "fast track" and non "fast track" districts. The

Government responded that the Court lacked jurisdiction to modify the sentence under Rule 35 for lack of timeliness; that there was no jurisdiction to modify the sentence under § 3582(c)(2) because the Sentencing Commission had not lowered the sentencing range under which Gomez-Arguijo was sentenced; and finally, that the Sixth Circuit is among those circuits which take the position that downward variances based on the absence of a fast-track program in this district are not legally permissible. This Court determined it had no jurisdiction to reduce Petitioner's sentence and denied the motion on September 17, 2008. (Doc. No. 19).

Again, on November 7, 2008 Petitioner filed a motion to reinstate his motion for reduction of sentence. The Court denied his request in a marginal entry dated November 19, 2008 (Doc. No. 22).

Thus, this is Petitioner's third time "around the same barn".

This matter has been well briefed by the Government and the Court will not belabor the issues. In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, Petitioner has the burden of sustaining his contentions that his claim of ineffective assistance of counsel is sustained by a preponderance of the evidence. This Court finds that Petitioner has not shown that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*. 466 U.S. 668 (1984). Additionally, Petitioner has failed to show that his attorney's performance was of such deficiency that it prejudiced him in the sentencing proceedings or any other proceedings before this Court.

Petitioner also waived his right to appeal his sentence on any other ground in his negotiated plea agreement. Thus, only ineffective assistance of counsel arguments remain open to him. The Court has already disposed of that argument.

Petitioner's argument that the Supreme Court of the United States invalidated the Sentencing Guidelines in their entirety is absolutely erroneous; the Court held that the Sentencing Guidelines are advisory, not mandatory. In conclusion, this Court finds that Petitioner was not sentenced in a district which implements the fast-track program; the Sixth Circuit has held that the courts in this Circuit are not permitted to vary downward based on sentencing disparities between fast-track and non fast-track districts. Therefore, Petitioner's counsel was not ineffective for failing to raise that argument. The 28 U.S.C. § 2255 motion was untimely filed, Petitioner waived his right to challenge his sentence in any other post-conviction proceeding as articulated in his negotiated plea agreement and none of the other arguments set forth in his petition have any semblance of credibility.

For the foregoing reasons and those fully articulated by the Government in its response brief, Petitioner's motion is denied.

IT IS SO ORDERED.

     s/ *David A. Katz*
     DAVID A. KATZ
     U. S. DISTRICT JUDGE